IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2001

## STATE OF TENNESSEE v. RANDY TYRONE CRAWFORD

**Appeal from the Criminal Court for Sumner County**
**No. 656-1999      Jane W. Wheatcraft, Judge**

—————————

**No. M2000-02358-CCA-R3-CD - Filed August 7, 2001**

—————————

At the conclusion of a probation revocation hearing, the trial court ordered Defendant to serve six (6) years at thirty percent (30%) in the Department of Correction for the sale of cocaine. In this appeal as of right, Defendant asserts that the trial court failed to sentence him in accordance with the Criminal Sentencing Reform Act of 1989. We conclude that the evidence was sufficient to support the revocation of Defendant's probation and the trial court did not abuse its discretion by ordering Defendant confined per his original sentence. Thus, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

L. TERRY LAFFERTY, SR. J., delivered the opinion of the court, in which DAVID G. HAYES, J., and THOMAS T. WOODALL, J., joined.

David R. Howard, Gallatin, Tennessee, for the appellant, Randy Tyrone Crawford.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; and Dee Gay, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In August 1999, Defendant was accused by the Sumner County grand jury of two sales of cocaine. On December 3, 1999, Defendant entered a plea of guilty to one count of sale of cocaine, under .5 grams, with an agreed sentence of six (6) years, all suspended except for ninety (90) days, to be served day for day, and the balance of the sentence on intensive probation.

BACKGROUND

In May 2000, about six (6) months after being placed on probation, a probation violation warrant was issued for Defendant alleging a domestic assault involving his wife. On June 9, 2000, a second probation violation warrant was issued for Defendant alleging an assault on a deputy sheriff jailer for Sumner County.

At the revocation hearing, Scott Barron, Intensive Probation Officer, testified that he obtained a probation violation warrant for Defendant upon his arrest for domestic assault on May 5, 2000, the assault on his wife. On May 17, 2000, Defendant was found guilty and as part of the sentence he was confined in the Sumner County jail for thirty (30) days. On June 9, 2000, Defendant was arrested again for an assault against a deputy jailer while in custody. On June 14, 2000, Defendant's case was retired by the General Sessions Court on the basis that he would attend an anger management course.

Sergeant Carl Haney, of the Sumner County Sheriff's Department, testified he was in charge of a swing shift in the county jail. On June 9, 2000, Sergeant Haney obtained an arrest warrant for Defendant. Defendant had been removed from his cell to meet a counselor with Cumberland Mental Health. The counselor advised Sergeant Haney that Defendant ended the counseling session in a verbally aggressive manner. While taking Defendant back to his cell, Defendant kicked Sergeant Haney in the chest. Defendant was resisting two officers and when Sergeant Haney went to grab Defendant's legs, he was kicked in the chest. Ultimately, Defendant was handcuffed and physically taken to his cell.

On behalf of Defendant, Lakendra Crawford, wife, testified to the facts surrounding the assault of May 5, 2000. She had stopped at the car wash where Defendant was working. While in the car, they began arguing and she retrieved some wire pliers from the glove compartment. Defendant thought that she was going to strike him and he grabbed her hand and the pliers. Her hand slipped and she struck herself in the chest. Defendant got out of the car, then stood on the hood and kicked out the windshield. Then, he stomped the glass with his foot. Later, Defendant arranged to have the windshield repaired. Mrs. Crawford denied making a statement to a police officer that she feared for her safety, and that it was her mother who made the statement. Prior to their marriage, she and Defendant had gotten into a fight when he struck her. She agreed that Defendant has a temper, but counseling could help.

Defendant testified that he and his wife were arguing over his taking her to obtain a tuxedo for her brother's prom. Defendant refused because he was working a second job so he could pay "his fines and stuff." During the argument, his wife retrieved a wrench (tool), from the glove compartment and he believed that she was about to strike him. Defendant denied striking his wife, but he did admit to kicking out the windshield. Later, he apologized to his wife and arranged to have the windshield repaired.

As to the incident with the deputy, Defendant was depressed and requested to see a counselor. While on the telephone, the officers told him "CMH" was there. While going down the hall, Sergeant Haney asked Defendant, "What are you smiling for, Crawford?" Defendant responded, "Does it hurt anybody to smile?" Sergeant Haney had the officers take Defendant back to his cell. The officers had Defendant's hands behind his back when Sergeant Haney picked up his legs and said, "Why are you refusing?" Defendant testified:

> "I said, "I'm not refusing." I said, "I can walk. I mean, you ain't got to pack me like a dog," and stuff like that. He hit me in the face, and I kicked him."

Defendant acknowledged he was serving a 30-day sentence from the May assault at the time of this incident. Also, Defendant agreed he has a history of violence, including three assaults from 1996 to 1998 for which he received probation in each case.

## LEGAL ANALYSIS

Defendant contends that the trial court failed to adhere to the sentencing principles of the Criminal Sentencing Reform Act of 1989. The State responds that this appeal involves the trial court's correctness in revoking probation. We agree with the State.

The circumstances upon which probation can be revoked are set forth in Tennessee Code Annotated § 40-35-311(e) (Supp. 1999):

> If the trial judge should find that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court, to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310; provided, that in case of such revocation of probation and suspension, the defendant has the right to appeal.

This Court will not disturb a trial court's decision to revoke probation unless it appears that there was an abuse of discretion. In order for this Court to find an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred. The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. *See State v. Gregory,* 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997); *State v. Conner,* 919 S.W.2d 48, 49-50 (Tenn. Crim. App. 1995); *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991). Once a trial court has found a violation of the conditions of probation, a trial court has the authority to cause execution of the defendant's original judgment as it was originally entered, Tenn. Code Ann. § 40-35-310, 311, or to extend probation for a period up to an additional two years on the remaining period of the original probation. Tenn. Code Ann. § 40-35-308(c); *State v. Hunter,* 1 S.W.3d 643, 647 (Tenn. 1999).

Defendant recognizes that he was placed on intensive probation for a drug offense, a non-violent felony. However, Defendant complains that the trial court focused on his history of violent behavior in revoking probation, in lieu of considering the appropriateness of split or periodic confinement or even community corrections. In revoking probation the trial court stated:

> All right. The Defendant is here on a probation violation warrant. He has gotten two arrests for assault, one conviction, and the one case was retired upon his attending anger management classes.
>
> As the District Attorney has shown through the cross-examination, this Defendant does have a history of violent behavior. I don't think that he is able to conform his behavior to the dictates of society, and I don't think he is able to be rehabilitated through probation.
>
> His probation will be revoked, and he will be ordered to serve it in the Tennessee Department of Corrections [sic].

We agree with the State's analysis that the trial court was justified in concluding that Defendant's record of arrests and convictions since he was placed on intensive probation demonstrates that Defendant would not comply with the terms of further probation. Many of the sentencing principles Defendant complains were not considered by the trial court, were applied at the sentencing hearing of December 3, 1999. Defendant was given an alternative sentence with split confinement of ninety (90) days. It is reasonable to infer from the record that Defendant completed his ninety (90) days in March or April, 2000. Within weeks, Defendant commits two assaults resulting in a conviction and further confinement. Defendant has demonstrated his inability to comply with the conditions of probation and there is substantial evidence to support Defendant's revocation of probation.

> [T]hat while the consideration of sentencing principles is mandatory in determining a defendant's original sentence, 'reference to these principles is not necessary in determining the appropriate sanction following revocation of probation.' *State v. Howard Luroy Williamson, Jr.*, No. 02C01-9507-CC-00201 (Tenn. Crim. App. at Jackson, Sept. 30, 1996); *see* also *State v. Stevie Q. Taylor*, No. 02C01-9504-CC-00108 (Tenn. Crim. App. at Jackson, May 1, 1966) (application of sentencing principles appropriate to appellant's case concluded upon imposition of sentence). As such, this contention is also without merit.

*State v. Walter Jackson*, No. E1999-02186-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Jan. 24, 2001).

In conclusion, we affirm the trial court's judgment.

_____
L. TERRY LAFFERTY, SENIOR JUDGE