**STATE of Tennessee, Appellee**

**v.**

**Roger CONNER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 27, 1995.

Deborah Black Huskins, Assistant Public Defender, Johnson City, for Appellant.

Charles W. Burson, Attorney General and Reporter, Clinton J. Morgan, Counsel for the State, Criminal Justice Division, Nashville, David Crockett, District Attorney General, and Joe C. Crumley, Jr., Assistant District Attorney General, Jonesborough, for Appellee.

## OPINION

WHITE, Judge.

Appellant, Roger Conner, appeals as of right from the Washington County Criminal Court's revocation of his probation. Appellant contends that (a) the trial court did not have the authority to revoke probation prior to its actual commencement and that (b) the trial court erred in imposing the full sentence of eleven months and twenty-nine days upon revocation. We find no error in the trial court's revocation of probation or imposition of sentence.

On August 9, 1991, appellant entered a guilty plea to driving under the influence, fourth offense, and was sentenced to eleven months and twenty-nine days, all but 150 days of which were suspended.[1] He also entered a guilty plea to driving on a revoked license, and was sentenced to six months, all but ten days of which were suspended. The court ordered that the sentences were to be served concurrently to one another, but consecutively to a sentence appellant had received for a prior felony conviction.

On August 23, 1993, the District Attorney General filed a petition to revoke probation on the ground appellant had not returned from a prison furlough in a timely fashion. A probation officer entered a sworn statement alleging that appellant had failed to return from the furlough and had also received a subsequent conviction for driving under the influence. A probation violation warrant was issued.

 Appellant related his version of the furlough incident to the trial judge during a hearing. He discussed his new driving under the influence conviction with the court. Counsel argued that the new conviction could not be used to revoke probation because (a) it had been used to revoke appellant's parole for the prior offense[2] and (b) the term of probation for appellant's prior conviction had not yet commenced. At the conclusion of the hearing, the trial court made the following findings:

The Court is of the opinion that ... while he's waiting to begin probation for this DUI, fourth offense, that he acquires another DUI, fourth offense, which he admits[,] that that can be facts based upon which this Court can revoke his probation. It appears that the rate ... he is accumulating DUI offenses—that he is a tremendous risk to the public. Probation in this case based upon that admission is revoked. He is to serve this eleven months and twenty-nine days in the county jail day for day, every day of it.

No written order was filed.[3] A transcript of the hearing was prepared and this appeal followed.

 The decision to revoke probation rests with the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn.Crim.App.1991). In order for a re-

1. The mandatory minimum sentence for the offense was 120 days. Tenn.Code Ann. § 55–10–403 (1994 Supp.). The judgment as originally entered ordered that appellant would serve 150 days at 100%. The trial court did not set a release eligibility percentage of between 0% and 75% for purposes of rehabilitative programs as set forth in Tennessee Code Annotated Section 40–35–302(d).

2. This argument has not been raised on appeal.

3. Although not raised by appellant, the trial court's failure to enter a written order setting forth the reasons for revoking probation was erroneous. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761–62, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The transcription of the trial court's oral findings made during the hearing, however, amounts to substantial compliance with this procedural requirement. *See State v. Delp*, 614 S.W.2d 395, 397 (Tenn.Crim.App.1980), *perm. to appeal denied*, (Tenn.1981).

viewing court to find an abuse of discretion, it must be established that the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *See State v. Harkins*, 811 S.W.2d 79, 82 (Tenn.1991); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn.1978).

■ Appellant does not contest the sufficiency of the evidence used in revoking his probation; rather, he argues that the trial court lacked the authority to revoke his probation because of his parole status for a prior offense at the time he committed the "revoking" act. In sum, appellant argues that a trial court cannot revoke a term of probation prior to its actual commencement. The state urges us to reach the opposite conclusion.

The revocation of probation is governed in part by Tennessee Code Annotated Sections 40–35–310 and –311. The former provision states in part:

*The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension,* after proceeding as provided in § 40–35–311, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly ....

Tenn.Code Ann. § 40–35–310 (1990 Repl.) (emphasis added). The latter provision, Section 40–35–311, states in part:

(a) Whenever it shall come to the attention of the trial judge that any defendant who has been released upon suspension of sentence has been guilty of any breach of the laws of this state or who has violated the conditions of his probation, the trial judge

shall have the power to cause to be issued ... a warrant for the arrest of such defendant as in any other criminal case....

*Id.* at –311(a) (1990 Repl.). The remaining portions of Section 40–35–311(a)–(d) set forth the procedures to be followed in a revocation hearing. *Id.* at –311(a)–(d) (1990 Repl.).

The overwhelming majority of federal and state jurisdictions that have considered the issue have held that a court may revoke a term of probation based on acts committed after imposition of a sentence but before the commencement of a probationary term. *See* Annotation, *Power of Court to Revoke Probation For Acts Committed After Imposition of Sentence But Prior to Commencement of Probation Term*, 22 A.L.R.4th 755 (1983 & 1994 Supp.).[4] As one court has succinctly said: "Sound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date." *United States v. Ross*, 503 F.2d 940, 943 (5th Cir.1974); *see also*, LaFave, *Criminal Procedure*, Vol. 3, § 25.4 at 156 (2d ed.1984 & 1991 Supp.). Similar concerns were echoed by the court in *Commonwealth v. Miller*, 358 Pa.Super. 219, 516 A.2d 1263, 1265 (1986):

To suggest, as appellant does, that a defendant is free to commit unlimited additional crimes without in any way impairing or endangering a previously imposed sentence of probation merely because the probationary period has not commenced is to suggest an absurdity in the statute which this Court is not prepared to create. Indeed, such an interpretation would be contrary to the policy and the purposes to be

---

4. *See, e.g., Vogel v. State*, 543 So.2d 200, 201 (Ala.Crim.App.1989); *Gant v. State*, 654 P.2d 1325, 1326–27 (Alaska Ct.App.1982); *Resper v. United States*, 527 A.2d 1257, 1259 (D.C.App. 1987); *Stafford v. State*, 455 So.2d 385, 386 (Fla.1984); *Bryant v. State*, 172 Ga.App. 200, 322 S.E.2d 524, 526 (1984); *Ashba v. State*, 570 N.E.2d 937, 939–40 (Ind.Ct.App.1991); *Brown v. Com.*, 564 S.W.2d 21, 23 (Ky.Ct.App.1977); *Matthews v. State*, 304 Md. 281, 498 A.2d 655, 659–60 (1985); *State v. Sullivan*, 197 Mont. 395, 642 P.2d 1008, 1011 (1982); *State v. Henderson*, 62 Ohio App.3d 848, 577 N.E.2d 710, 713 (1989); *Com. v. Miller*, 358 Pa.Super. 219, 516 A.2d

1263, 1265 (1986); *State v. Jacques*, 554 A.2d 193, 195 (R.I.1989); *State v. Holter*, 340 N.W.2d 691, 693–94 (S.D.1983). Numerous federal circuit courts of appeal have reached similar results with regard to federal statutes. *See United States v. Taylor*, 931 F.2d 842, 847 (11th Cir.1991), *cert. denied*, 502 U.S. 1102, 112 S.Ct. 1191, 117 L.Ed.2d 433 (1992); *United States v. Daly*, 839 F.2d 598, 601 (9th Cir.1988); *United States v. Camarata*, 828 F.2d 974, 981 (3rd Cir.1987), *cert. denied*, 484 U.S. 1069, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988); *United States v. Dozier*, 707 F.2d 862, 864 (5th Cir.1983).

served by probation. If a probationer's criminal conduct, even if committed prior to commencement of the probationary period, discloses that probation will not be in the best interests of the public or the defendant, a court may revoke or change the order of probation.

■ We adopt the majority rule. Applicable Tennessee case law affords the trial court broad discretion in probation revocation cases. *See State v. Harkins*, 811 S.W.2d at 82; *State v. Mitchell*, 810 S.W.2d at 733. In addition, the statute vesting the power to revoke probation is equally broad; specifically, Tennessee Code Annotated Section 40–35–310 states that the trial judge possesses the power to revoke probation "at any time within the maximum time which was directed and ordered by the court for such suspension...."[5] Tenn.Code Ann. § 40–35–310 (1990 Repl.). Finally, as noted by a majority of jurisdictions, sound public policy dictates that a defendant who has been sentenced, and is thereby on notice of any probationary terms, should not be granted free reign to violate those terms at will merely because the actual period of probation has not begun. Such an anomaly would be contrary to the express purposes and considerations of sentencing under Tennessee law. *See* Tenn. Code Ann. §§ 40–35–102 & –103 (1990 Repl. & 1994 Supp.).

■ Here appellant was clearly on notice of his sentence and the probation terms for the 1991 offense. He had not yet begun service of his sentence when he violated probation by incurring a subsequent conviction. The trial court had the authority to revoke probation in this case and did not abuse its discretion by doing so.

Appellant next contends that the trial court erred in imposing the eleven month

and twenty-nine day sentence "day for day" upon revoking probation. The statutes provide that once a violation of probation has been found, the trial judge may revoke probation and "cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40–35–310...." Tenn.Code Ann. § 40–35–311(d) (1990 Repl.). The provisions of Section –310 state that "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly...."[6] Tenn.Code Ann. § 40–35–310 (1990 Repl.).

In addressing these provisions, this court has said that a trial court's authority on a probation revocation "extends no further than [its] sentencing authority on the original judgment." *State v. Duncan Johnson*, No. 02C01–9211–CC–00256, 1993 WL 295055 (Tenn.Crim.App., Jackson, Aug. 4, 1993), slip op. at 4; *see also State v. Glen F. Woods*, No. 01C01–9308–CR–00288, 1994 WL 592132 (Tenn.Crim.App., Nashville, Oct. 27, 1994) (Wade, J. concurring). The original judgment in this case reflected a sentence of eleven months and twenty-nine days, of which 150 days were to be served at "100 per cent." In revoking probation, the trial court ordered that the full sentence of eleven months and twenty-nine days be served.

■ The Criminal Sentence Reform Act of 1989 requires trial judges sentencing misdemeanor defendants to set a percentage of the sentence after which a defendant is eligible for certain rehabilitative release programs, such as work release, furloughs, and trusty status. Tenn.Code Ann. § 40–35–302(d) (1994 Supp.). The percentage must be between zero and seventy-five percent. *Id.* Here the trial court did not set a percentage

---

5. The Sentencing Commission Comments to the statute provide: "This section grants the court the authority to revoke probation if the defendant violates the terms of probation. Revocation may occur at any time during the period of probation. Upon revocation, the original sentence imposed can be placed into effect...." Sent. Comm'n Comments, Tenn.Code Ann. § 40–35–310 (1990 Repl.). We do not view the comments as limiting the trial court's authority. *See Wright v. United States*, 315 A.2d 839 (D.C.App.1974) ("during the probationary term" defined as in-

cluding period between grant of probation and the actual beginning of probation); *see also Brown v. Com.*, 564 S.W.2d 21, 22 (Ky.Ct.App. 1977) ("during probation" included period between sentencing and time of probation).

6. The trial court may also order that the term of imprisonment imposed by the original judgment may be served consecutively to any sentence which has resulted during the period of probation. Tenn.Code Ann. § 40–35–310 (1990 Repl.).

after which eligibility for rehabilitative programs would be considered. While this requirement is mandatory in non-DUI misdemeanor cases, it is neither mandatory nor applicable to DUI cases in which its application would modify, alter, or decrease the specific penalty provisions of the DUI statute. Tenn.Code Ann. § 55–10–403(m) (1994 Supp.).

The statutes pertaining to driving under the influence offenses provides specifically that the maximum punishment is eleven months and twenty-nine days. Mandatory minimum incarceration periods are also provided. Tenn.Code Ann. § 55–10–403 (1994 Supp.). The statute specifically provides that its penalties are not to be modified or reduced by any contrary provisions of the 1989 Criminal Sentencing Reform Act. Tenn.Code Ann. § 55–10–403(m) (1994 Supp.). Thus, although the terms of Tennessee Code Annotated Section 40–35–302(d) are mandatory in sentencing other misdemeanor offenders, they are neither mandatory nor applicable to DUI sentences in which their application would violate the express provisions of Tennessee Code Annotated Section 55–10–403(m).

Therefore, sentencing a DUI offender who has violated probation to serve one hundred percent of the eleven months and twenty-nine days maximum sentence is not per se illegal or violative of the Criminal Sentencing Reform Act of 1989.

A trial judge who imposes the maximum sentence upon revocation must be guided by the principles regarding sentencing pronounced in the sentencing act. Here the trial judge's original decision to impose the maximum sentence, but to suspend all but 150 days of it, and his decision on revocation to require service of the entire sentence was in accordance with the principles of the Act.

Accordingly, the trial court's order revoking appellant's probation and imposing the original sentence of eleven months and twenty-nine days is affirmed.

SCOTT, P.J., and HAYES, J., concur.