**CITIES: COUNCIL: ORDINANCES:** Computation of two-thirds majority when mayor may only vote in case of a tie.  Minn. Stat. §§ 462.355, subd. 3 (2000), 462.357, subd. 2 (2001 Supp.)


63-b-14
(Cr. Ref. 61-c)


May 13, 2002


Mr. Robert G. Mitchell, Jr.
LINDQUIST & VENNUM
444 Cedar Street, Suite 1700
St. Paul, MN 55101-3157

Dear Mr. Mitchell:

Thank you for your letter of April 11, 2002.  In your letter you set forth the facts described below.

### FACTS

The City of Minnetonka Beach adopted its home rule charter in 1894.  Article III of the Charter provides for a council consisting of the mayor, a recorder and three trustees.  Article III allows the mayor to vote on matters before the council only in the case of a tie.  The charter does not contemplate a requirement for a super-majority vote.

Two Minnesota statutes require a two-thirds majority vote for certain zoning-related actions.  Adopting or amending a comprehensive plan requires such a two-thirds vote of all the council members.  Minn. Stat. § 462.355, subd. 3 (2000).  Minn. Stat. § 462.357, subd. 2 (2001 Supp.) also requires a two-thirds super-majority vote of all members to rezone residential property for industrial or commercial use.  A two-thirds majority of a five-member body requires four affirmative votes.  If the mayor may not vote due to lack of a tie, passage of such a measure will require unanimous approval of the remaining members.

You have found no controlling cases in Minnesota on the issue of computing the requisite two-thirds majority where a member can only vote in case of a tie.

### QUESTION

Based on the above, you ask whether the mayor of Minnetonka Beach is entitled to vote on all zoning matters requiring a two-thirds majority vote notwithstanding the language of the home-rule charter?

**OPINION**

We answer your question in the negative. However, it is our view that under the Minnetonka Beach form of government as described in the facts, three affirmative votes would be sufficient to approve a measure requiring a two-thirds majority.

First, we agree with your conclusion that the legislature would not intend the cited statutes to be construed so as to count the mayor for purposes of computing the size of the body and the requisite majority, even though the mayor would never have an opportunity to affect the result by breaking a tie vote. *See, e.g.*, Minn. Stat. § 645.17(1) (The legislature does not intend an absurd or unreasonable result).

Second, the apparent contradiction might be resolved either by permitting the mayor to vote on all such matters notwithstanding the lack of a "tie" vote, or by viewing the council as a four-member body for the purpose of such proposals. The latter approach appears most reasonable to give effect to both the statutory and charter provisions.

Third, while we have located no Minnesota cases directly on point, cases in other jurisdictions have determined that, when a mayor may only vote in the case of a tie, the mayor is not counted in computing a quorum or the required voting majority, unless an actual tie vote is before the body. *See, e.g., Biddeford Bd. of Ed. v. Biddeford Teachers Ass'n.*, 688A 2d 922 (Me. 1977); *Hutton v. Town of Elkton*, 2002 WL 57324 (Va. Cir. Ct. 2002); *Davis v. City of Robinson*, 919 S.W.2d 49 (Tx. Ct. App. 1996).

Fourth, that result is consistent with the rule recognized by Minnesota courts that, when computing the majority vote need to pass a particular measure, members of the body who are disqualified from voting are not included. *See In re. 1989 Street Improvement Program v. Denmark Twp.* 483 N.W.2d 508 (Minn. Ct. App. 1992) (Three affirmative votes constitutes four-fifths majority of a five-member board where two members are disqualified.) Under the Minnetonka Beach charter, the mayor is disqualified from voting unless there is a tie vote. Therefore, for most purposes, the council consists of four voting members. Three affirmative votes would be a two-thirds majority of the body. However, if a two-to-two tie were to occur, a vote by the mayor pursuant the charter could not affect the result, since the council would then be considered a body of five voting members and a 3-2 vote would not constitute the two-thirds majority required for approval.

Fifth, that result is also in keeping with the legislature's direction in the case of another statutorily imposed super-majority vote. Minn. Stat. § 429.031, subd. 1(f) (2000), pertaining to approval of assessable public improvements, provides in part:

> When there has been no such petition, [by property owners] the resolution may be adopted only by vote of four-fifths of all members of the council; provided that *if the mayor of the municipality is a member of the council but has no vote or votes*

> *only in case of a tie, the mayor is not deemed to be a member for the purpose of determining a four-fifths majority vote*.

(Emphasis added).  *See also, id.* subd. 2.  The intention of the legislature may be ascertained by considering other laws on the same or similar subjects.  Minn. Stat. § 645.16 (2000).  Therefore, Section 429.031 may be seen as supporting a similar approach to the two-thirds vote required for the zoning-related actions at issue.

For these reasons, it is our opinion that, when a two-thirds vote of all the Minnetonka Beach council members is required, three affirmative votes, excluding the mayor, are needed to approve the measure.

Yours very truly,

KENNETH E. RASCHKE, JR
Assistant Attorney General