IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## STATE OF TENNESSEE v. RANDY L. JOHNSON

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S44,297; S44,506; S44,507     Phyllis H. Miller, Judge**

**No. E2004-01124-CCA-R3-CD - Filed March 15, 2005**

The appellant, Randy L. Johnson, pled guilty in the Sullivan County Criminal Court to two counts of aggravated assault and one count of theft of property valued over $1,000. He received a total effective sentence of nine years incarceration in the Tennessee Department of Correction. The trial court granted the appellant probation. Subsequently, his probation was revoked because of new offenses and a positive drug screen. The trial court ordered the petitioner to serve his sentences in confinement. On appeal, the appellant challenges the revocation of his probation. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Richard A. Tate, Blountville, Tennessee, for the appellant, Randy L. Johnson.

Paul G. Summers, Attorney General and Reporter; William G. Lamberth, II, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Robert H. Montgomery, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On March 29, 2001, the appellant pled guilty to two counts of aggravated assault and one count of theft of property valued over $1,000. The trial court imposed a sentence of three years for one of the aggravated assault convictions, two years for the theft conviction, and four years for the remaining aggravated assault conviction. The trial court ordered that the two- and three-year sentences be served concurrently to each other but consecutively to the four-year sentence, for a total effective sentence of seven years. The trial court also allowed the appellant to serve his sentences on community corrections.

Thereafter, on January 3, 2002, the appellant's alternative sentence was revoked. The trial court allowed the appellant to serve his sentence on probation, but increased his four-year sentence to a six-year sentence, for a total effective sentence of nine years. Subsequently, Kathy Moody, the appellant's probation officer, filed two arrest warrants for the violation of the appellant's probation, alleging that during drug screening, the appellant tested positive for marijuana, he failed to follow the laws of Tennessee by committing the offenses of forgery over $1,000 and theft over $1,000, he failed to report, and he failed to pay monthly supervision fees.

At the probation revocation hearing, Moody testified that the appellant tested positive for marijuana on August 13, 2002. She informed the appellant that she would take out an arrest warrant due to the violation of his probation. Because of the positive drug screen, the appellant voluntarily entered into an inpatient treatment program, from which program he was released on September 11, 2002. The appellant's last meeting with his probation officer was August 2002; he did not report again through February 5, 2004. The appellant also failed to pay any supervision fees between August 2002 and February 2004.

Michael Roberts testified at the revocation hearing that in September or October 2003, the appellant would occasionally spend the night with him. Thereafter, someone approached Roberts with a check that had been returned for insufficient funds. Roberts did not write the check, nor did he give the appellant permission to sign the check.

Detective Mark Mason testified that on January 1, 2004, he met with the appellant regarding the checks stolen from Roberts. The appellant gave a statement confessing to the theft of three of Roberts' checks. One of the checks was written for $700 and the other for $1,400. The appellant used one of the checks to purchase a van which he later sold for $600. The appellant admitted that Roberts did not give him permission to sign the checks.

At the conclusion of the hearing, the trial court stated:

> I find that you have violated probation [on your cases]. I find the State has proved the case, I guess way beyond a preponderance of the evidence, by clear and convincing evidence they've proved it and that you violated all the conditions alleged. The positive drug screen, violation of Rule No. 7 [the positive drug screen], Rule No. 6 [failure to report], Rule No. 8 [failure to pay fees] and Rule No. 1 [failure to obey all laws].
>
> Now, I'm going to revoke your probation and order you to serve your sentence. It's one thing to have a positive drug screen. Of course that will get you revoked too, but it's another to go out and commit actually two Class D felonies.

The trial court ordered the appellant to serve his nine-year sentence in confinement. The appellant appeals the revocation of probation and the imposition of a sentence of confinement.

## II. Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. <u>See</u> Tenn. Code Ann. §§ 40-35-310 and -311(e) (2003); <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991). In the alternative, "at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years." Tenn. Code Ann. § 40-35-308(c) (2003); <u>see also</u> <u>State v. Hunter</u>, 1 S.W.3d 643, 646 (Tenn. 1999). Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." <u>State v. Jeffrey A. Warfield</u>, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); <u>see also</u> <u>State v. Timothy A. Johnson</u>, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. <u>See</u> <u>State v. Leach</u>, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." <u>State v. Conner</u>, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

In the instant case, the proof overwhelmingly demonstrated that the appellant violated the terms of his probation. On appeal, the appellant does not contest his violation; he merely argues that

> the ends of justice and the interest of the public and the appellant are not best served by having the appellant to serve his sentence. Considering the nature of the violation of probation, the best interest of the public and the appellant is for the appellant to be placed back on probation, so that he can become a productive member of society.

We disagree. Given the appellant's repeated and egregious violations of his probation, we conclude that the trial court was well within its discretion in ordering the appellant to serve his sentence in confinement. This issue is without merit.

_____
NORMA McGEE OGLE, JUDGE