IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2005

## STATE OF TENNESSEE v. ERICONTA DAMAN FLENOID

Direct Appeal from the Criminal Court for Sumner County
No. 405-2003    Jane W. Wheatcraft, Judge

No. M2004-02471-CCA-R3-CD - Filed June 30, 2005

The appellant, Ericonta Daman Flenoid, pled guilty in the Sumner County Criminal Court to aggravated burglary and robbery.  He received a total effective sentence of ten years, with one year to be served in confinement and the remainder on probation.  Subsequently, the trial court revoked the appellant's probation, finding that the appellant failed to comply with the terms of probation. The trial court ordered the appellant to serve his sentences in confinement.  The appellant appeals. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

David A. Doyle, Gallatin, Tennessee (at trial and on appeal), and Roger A. Sindle, Hendersonville, Tennessee (at trial), for the appellant, Ericonta Daman Flenoid.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and C. Wayne Hyatt, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In May 2003, the Sumner County Grand Jury returned a three-count indictment against the appellant.  In Count one, the appellant was charged with aggravated burglary.  In Count two, the appellant was charged with aggravated robbery.  In Count three, the appellant was charged with criminal impersonation.  Subsequently, on January 9, 2004, the appellant pled guilty to aggravated burglary on Count one, to robbery on Count two, and the charges on Count three were "retired."

At the guilty plea hearing, the State recited the following facts underlying the appellant's convictions:

[T]he general facts of this case would show that on March 20th, 2003, according to an affidavit filed by Investigator Jeff Petty of the Gallatin Police Department, this officer responded to an aggravated robbery at 139 Creekside Court. Upon arrival the officer spoke with the victim, Misty Harrison, that stated that two male blacks, wearing bandannas over their mouths, had burst into her home armed with a small handgun and demanded money. Ms. Harrison stated she'd begged for her life and was in fear she was going to die. The victim stated that they took $60 in US currency from her.

Later on, the officer received a tip stating that the [appellant], Mr. Flenoid, had committed this robbery. The officer made contact with the [appellant] in the lobby of the General Sessions courtroom at a later date. The [appellant] gave a false name and acted very nervous. The [appellant] was arrested for criminal impersonation and was brought up to the police station. He was interviewed after he was given his Miranda warnings, and he did confess to his role in this robbery, and later stated that the reason he lied to the officer was that he didn't realize he was a police officer.

Your Honor, there are some indications in addition to the facts stated in the affidavit that perhaps these individuals had gone in there looking for drugs, and based on the background and history at this location, that possibly could have been previously there.

The State recommended that the appellant receive a four-year sentence for his aggravated burglary conviction and a six-year sentence for his robbery conviction, with the sentences to be served consecutively. The State asked the court to mandate that one year of the sentence be served in confinement, and the remainder on intensive probation. Additionally, the State asked that the appellant be given pretrial jail credits.

The trial court questioned the appellant thoroughly, ascertaining that the appellant understood the pleas he was entering. The appellant was aware of the convictions and sentences he was receiving. Further, the appellant acknowledged that as conditions of his probation, he was required to obtain a General Equivalency Diploma (GED), submit a DNA sample to the Tennessee Bureau of Investigation (TBI), obtain and keep full-time employment, and pass drug tests. The trial court accepted the pleas.

Thereafter, on May 21, 2004, two months after the appellant was released from confinement and placed on probation, the appellant's probation officer filed a probation revocation warrant against the appellant. The trial court held a hearing on the allegations contained in the revocation warrant. Debbie King, the appellant's probation officer, testified that the appellant had reported regularly since being released from confinement. However, the appellant had failed to submit a

DNA sample to the TBI, failed to enroll in GED classes, and failed to provide proof of full-time employment.

King testified that the appellant was required to work a minimum of thirty-five hours per week. She stated that the appellant gave her one pay stub verifying fifty-six hours of employment for a two-week period, but the appellant never submitted another pay stub to verify employment.

Further, King testified that on May 6, 2004, she asked the appellant to submit a urine sample. She explained that the appellant had two hours in which to comply with this request, but he was unable to provide the sample. On May 13, 2004, the appellant tested positive for marijuana. On May 20, 2004, the appellant tested positive for marijuana and cocaine. King stated that the appellant told her that he thought his probation had been violated on May 6; therefore, he decided to smoke marijuana.

The appellant testified that he did not enroll in GED classes or submit a DNA sample because, in order to perform either task, he was required to have two forms of identification. The appellant stated that he did not have two forms of identification. He asserted that he applied for a new social security card, but he had not received the card at the time of the revocation hearing. The appellant contended that he was employed for much of his probationary period; however, he was unaware that he was required to submit all of his pay stubs to King. The appellant admitted that he had smoked marijuana, contending that he did so because of his concern that King would violate his probation. The appellant theorized that he tested positive for cocaine because an unknown party had laced his marijuana with cocaine.

At the conclusion of the hearing, the trial court found that the appellant was not a credible witness. Further, the court stated:

> I understand that he is young, but I also understand that these were very violent offenses. They went into someone's house with bandanas over their faces, put a gun to her face to take money, and then I give him a break.
>
> The charge was reduced from aggravated robbery to robbery. He was given a community-based sentence and is using a controlled substance, marijuana, tested positive for cocaine. That is not indicative to me of a person who is seeking to be rehabilitated.
>
> This is a person to me who is posing a threat to this community, and for that reason, I'm going to revoke his probation and send him to the penitentiary.

On appeal, the appellant challenges this ruling.

## II.  Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement.  See Tenn. Code Ann. §§ 40-35-310 and -311(e) (2003); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).  Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion.  State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).  An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred."  State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

On appeal, the appellant admits that he smoked marijuana while on probation.  However, he argues that

> the trial court failed to exercise a conscientious and intelligent judgment in determining that the appellant should not be given an additional opportunity to rehabilitate himself and return to society. The appellant respectfully submits that the trial court should have determined that the appellant was suitable for release into the community.

The trial court found that the appellant violated the terms of his probation and that he possessed poor potential for rehabilitation.  From our review of the record, we conclude that the trial court did not abuse its discretion in finding that the appellant violated his probation.  This issue is without merit.

## III.  Conclusion

Finding no error, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-4-