# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 24, 2009

## STATE OF TENNESSEE v. AGATHA RANNAH HODGE

**Direct Appeal from the Circuit Court for Marshall County**
**Nos. 17719 & 17720     Robert Crigler, Judge**

———————————

**No. M2009-00751-CCA-R3-CD - Filed January 26, 2010**

———————————

Appellant Agatha Rannah Hodge was charged with fifty counts of theft and one count of burglary. She pled guilty to one count of theft of property valued between $1,000 and $10,000 and one count of burglary. The remaining charges were dismissed. She was sentenced to four years for the theft conviction and three years for the burglary conviction, with the sentences to run consecutively. The trial court ordered the Appellant to serve seven months in confinement, with the remainder to be served on probation. She subsequently pled guilty to violating the rules of her probation, and the trial court ordered her to serve her sentences in confinement. She appeals, arguing the revocation was excessive. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Michael J. Collins, Shelbyville, Tennessee, for the appellant, Agatha Rannah Hodge.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

At the revocation hearing, Appellant acknowledged that while on probation she smoked three marijuana joints during a three and a half week period. She told the court that

each episode occurred in her car after work. She acknowledged that she consequently drove her car under the influence of marijuana. When she tested positive for marijuana while on probation, she told her probation officer that it was the result of second-hand smoke. The State produced a chemist's report excluding second-hand smoke as a possible cause, and Appellant admitted that she had lied. Further, Appellant, who was 37 years old at the time of her presentence investigation report, told her probation officer that she had smoked marijuana only twice, both times when she was 14 years old. She admitted in the revocation hearing that this was also a lie.

Appellant also admitted that she had fallen behind on the restitution payments she was ordered to make. She conceded that she was ordered to pay $200 each month but that she paid the full amount only in June and July 2008. Thereafter, she made only partial payments. She explained that her child support payment had increased, resulting in a reduced ability to pay.

Finally, Appellant also admitted that this was not the first time she had been cited for violating probation.

Appellant testified that she had a steady job before her probation was revoked and that she anticipated being able to get another job. She told the court that she was the primary breadwinner for her disabled mother and her two teen-age children with whom she lived.

Appellant's probation officer, Eugene Holman, also testified at the hearing. Holman confirmed that Appellant tested positive for marijuana while on probation and that Appellant claimed the positive result was caused by second-hand smoke. Thereafter, Mr. Holman requested additional analysis to determine whether her explanation was plausible. The reports revealed that Appellant's positive result was caused by "recent and regular use of marijuana." Holman also confirmed that Appellant had not paid the full amount of her restitution.

At the conclusion of the hearing, the trial court denied Appellant's request for split confinement and revoked her probation. The court noted that Appellant's drug use was "without question" a violation of her probation. The court placed greater emphasis on Appellant's failure to make her restitution payments. It noted that Appellant owed a "great amount" and that "to give [Appellant] another split sentence is really just to delay the inevitable." The court explained that it "gave [Appellant] a chance and [she] didn't take advantage of it."

On appeal, Appellant essentially makes three arguments. First, she claims the record does not contain sufficient evidence to revoke her probation. Second, she asserts that full

revocation is not commensurate with her violations and therefore runs contrary to the goals of the Sentencing Act. Finally, she argues that full revocation is unwise because it will not address her underlying drug problem.

## II. Analysis

Upon finding by a preponderance of the evidence that a probationer has violated the terms of her probation, a trial court is authorized to order her to serve the balance of her original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e) (2006); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995)

We conclude that the trial court did not abuse its discretion in revoking Appellant's probation. "[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Appellant acknowledged multiple violations of her probation. Furthermore, her failure to make restitution payments, upon which the trial court heavily relied, suggested a chronic inability to conform to the mandates of her probation. Thus, the court had sufficient evidence to revoke her probation. As the trial court noted, the Appellant was given an opportunity to stave off incarceration if she followed the rules of probation. She did not take advantage of the opportunity to avoid incarceration.

## III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE