# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. TIMOTHY SCOTT RAUHUFF

### Appeal from the Circuit Court for Blount County
### No. C-17227    David R. Duggan, Judge

---

### No. E2009-01180-CCA-R3-CD - Filed April 8, 2010

---

The appellant, Timothy Scott Rauhuff, pled guilty in the Blount County Circuit Court to manufacturing no less than 20 and no more than 99 marijuana plants. He received a four-year suspended sentence. Subsequently, the State brought a revocation action, alleging that the appellant violated the terms of his probation. The trial court revoked the appellant's probation and ordered him to serve one year in confinement and the remainder of the sentence on intensive probation. On appeal, the appellant challenges the trial court's imposition of a period of continuous confinement. The State filed a motion requesting that this court affirm the trial court's ruling pursuant to Rule 20, Rules of the Court of Criminal Appeals. After review, we conclude that the trial court did not err in sentencing the appellant to a period of continuous confinement. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal), and Mack Garner, Maryville, Tennessee (at trial), for the appellant, Timothy Scott Rauhuff.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Kathy Aslinger, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

At the revocation hearing, the appellant's probation officer, Scott Dunkel, testified that when he first met the appellant on July 21, 2008, he went over all the rules and regulations of probation with the appellant. Dunkel said the appellant appeared to understand and signed a probation form, initialing beside each rule and regulation. Dunkel said the appellant reported monthly; however, he had trouble reporting on the scheduled date and did not always call to inform Dunkel of the need to reschedule. Dunkel said the appellant made no payments toward his court costs, restitution, and fines, and was $360 in arrears on his probation fees.

Dunkel said the appellant, as a condition of his probation, was required to have a drug and alcohol assessment. Each month, Dunkel reminded the appellant of the requirement. On October 24, 2008, the appellant tested positive for marijuana, cocaine, and oxycodone. Dunkel said this test was the only drug test administered to the appellant. Dunkel again informed the appellant that he needed to have a drug and alcohol assessment, but the appellant never had an assessment.

Dunkel testified that in January 2009, the appellant was arrested in Knox County for failure to appear and for an old simple possession charge. Dunkel said the case was closed after "payment was made in full." The appellant never informed Dunkel of the Knox County arrest; in fact, the appellant reported on his monthly reporting forms that he had not been arrested since his last report. Additionally, on April 24, 2009, the appellant was arrested in Blount County for driving on a suspended license and possession of drug paraphernalia, and on May 21, 2009, he pled guilty to the charges. The appellant never reported the arrests or convictions and did not report to Dunkel after the Blount County arrests.

Dunkel stated that the arrest reports he received from Knox County and Blount County listed the appellant's address as 3710 Marvin Circle, Maryville. However, the address Dunkel had on file for the appellant was 489 Cave Road, Friendsville. Dunkel said the appellant never informed Dunkel he was moving or sought Dunkel's permission to move.

Dunkel acknowledged the appellant had verified employment with Tri-State Refractories and with KK Masonry.

The appellant testified that he was thirty-six years old and had graduated from high school. He was divorced with one child, and he paid child support of $100 per week, depending on his earnings. The appellant explained that his work was seasonal and that masonry was the only trade he knew.

The appellant stated that he pled guilty to growing forty-two marijuana plants. He acknowledged that he had used marijuana, though not as frequently as his ex-wife, and that

he grew the marijuana so he did not have to buy it during the winter when his income was decreased.

The appellant acknowledged that he used marijuana, cocaine, and oxycodone with his ex-wife before his October 2008 visit with Dunkel. He called his behavior "stupid" and maintained that he had been "clean" since the failed drug test. The appellant said although he did not recall a drug and alcohol assessment being a condition of his probation, Dunkel had made him aware of this requirement. The appellant conceded that he did not have an assessment, but he maintained that he did not have a driver's license and often had transportation problems.

The appellant said he was arrested in Knox County for a 2005 simple possession charge, and he had not paid the fine of over $1000. He said he spent three days in jail before his mother paid the outstanding fine. The appellant acknowledged that he did not tell Dunkel about the Knox County arrest or about his failure to pay his fine.

The appellant said that his Blount County arrest occurred when he was pulled over on his way home from work because of a defective light. Police then discovered the appellant's license had been suspended. The appellant said the car he was driving belonged to his brother; he did not know there was drug paraphernalia in the car until police found it. He stated he pled guilty in exchange for a thirty-day sentence, which he had already served. He conceded that there were other times he drove on a suspended license but was not caught.

The appellant said his employer wanted him back at work, and he wanted another chance to prove that he could pay his fines and costs and abide by the rules of probation. He said he needed to work to support his child.

Based upon the foregoing, the trial court found that the appellant violated the terms of his probation

> [b]y being arrested for failure to appear, apparently to pay on the
> simple possession; by picking up a new charge of driving on a
> suspended license and drug paraphernalia by the City of Alcoa;
> by failing to report; by failing to keep his probation officer
> apprised of his address; by failing a drug test and testing positive
> for marijuana, cocaine, and oxycodone; by failing to have his
> alcohol and drug assessment; by failing to pay his probation
> fees, court costs, and fines.

The court ordered the appellant to serve one year of his sentence in confinement and the remainder of the sentence on intensive probation.

On appeal, the appellant admits he violated the terms of his probation and does not challenge the revocation. However, the appellant contends that the trial court should have imposed periodic confinement on the weekends and allowed the appellant to work during the week to earn money to support his child and pay his court costs and fees. Accordingly, the appellant argues that "[t]he imposition of continuous confinement as opposed to periodic confinement and supervision as a consequence of the violations in this case is an abuse of discretion."

Generally, upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e) (2006); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

As we noted, the appellant does not dispute the violation or revocation of his probation. Moreover, we observe that the appellant's violations are amply supported by the record before us. Therefore, it was within the trial court's authority to order the appellant to serve his original sentence in confinement upon revoking the appellant's probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The trial court did not do so and instead granted the appellant the largess of split confinement. We conclude that the trial court did not err in sentencing the appellant to split confinement following the revocation of his probation. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE

-4-