IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2011

**STATE OF TENNESSEE v. ISAAC THOMAS**

**Direct Appeal from the Criminal Court for Hamilton County**
No. 262467     Rebecca J. Stern, Judge

**No. E2011-00565-CCA-R3-CD - Filed December 5, 2011**

The appellant, Isaac Thomas, pled guilty to aggravated assault and received a probationary
sentence of three years. Subsequently, the trial court revoked the appellant's probation and
imposed a sentence of split confinement, with eleven months and twenty nine days to be
served in jail and the remainder to be served on supervised probation. On appeal, the
appellant challenges the revocation of his probation and the trial court's imposition of split
confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and
D. KELLY THOMAS, JR., JJ., joined.

Ardena J. Garth and Richard Kenneth Mabee (on appeal) and Blake F. Murchison (at trial),
Chattanooga, Tennessee, for the appellant, Isaac Thomas.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel;
William H. Cox, District Attorney General; and Charlie Minor, Assistant District Attorney
General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On September 19, 2007, the appellant pled guilty to aggravated assault. Pursuant to
his guilty plea, the appellant, who was a standard, Range I offender, received judicial
diversion and was placed on probation for three years. On August 20, 2010, the appellant's
probation officer, Brian Johnson, filed a probation violation report against the appellant. At
the revocation hearing, Johnson testified that the appellant's compliance with probation was

"spotty." He said that the appellant had not been arrested while on probation. However, since October 2009, the appellant failed to present verifiable proof of employment or of seeking employment. Johnson said that the appellant had moved from his residence without notifying his probation officer and that no probation officer had been able to complete a successful home visit at the appellant's prior address. Johnson also said that the appellant had failed to pay his fees.

Johnson stated that the appellant missed the majority of his appointments, noting that between July 2008 and July 2010, the appellant missed eleven months of reporting. Johnson said that probation officers called the appellant and sent him letters, instructing him to report. He stated that "[e]ventually . . . [the appellant] would pop up, usually not on his appointment day or not without proper instructions." Johnson specifically noted that the appellant did not appear June or July 2010. Therefore, on August 6, 2010, Johnson sent the appellant a letter, telling him to set up an appointment. Johnson said the appellant "showed up in the office on that same date, not having received the letter and no other instructions." Johnson told the appellant to report on September 8, 2010, but the appellant did not comply. Johnson said that the appellant never gave a reason for missing appointments.

Johnson stated that on January 6, 2009, the appellant was sent to meet with the Administrative Case Review Committee (ACRC). The committee instructed the appellant to provide his probation officer "with a verifiable employment, report as instructed, and provide his officer with an easy and reliable means to get in touch with him so that he can be available for supervision." However, the appellant's compliance with the rules of probation failed to improve after the meeting.

The appellant acknowledged that he missed several meetings with his probation officer. However, he testified that "[p]art of the reason" he failed to report was because he was working. He said that he "tried to explain that [to the probation officer], but I guess that he was trying to pay me no attention." He also stated that because he did not have a driver's license, he relied upon his brother or stepfather for transportation. He said that if he were again granted probation, he would not have a problem reporting because he had started receiving a disability check.

The appellant said that he provided proof of his employment to Tim North. The appellant said that Monday through Friday from 7:00 a.m. until 9:00 p.m. or midnight, he worked for Secure Watch ADT as a door-to-door salesman. He said he also worked for his stepfather, mowing lawns. The appellant said that he never missed a day while working for ADT and that he missed only two or three days while working for his stepfather.

The appellant said that he received disability for a "high blood disorder." He said that

he also had an attention deficit disorder, for which he was taking medication. The appellant stated, "I tried my hardest to do anything, but sometimes it does make it very hard when I do not take my medication."

Halbert Varnell testified that he had known the appellant for six years and that they lived on the same street. He described the appellant as "a nice young gentleman . . . [who ]needed help with making decisions." Varnell said he wanted to help the appellant and knew the appellant did not have a car. Varnell opined that the appellant tried to do what his probation officer told him but that the appellant had "a slight learning disability that he may forget to come down here sometimes."

At the conclusion of the hearing, the trial court stated:

> Obviously, he's violated by a very spotty reporting record and seems to think almost everything else takes priority over probation. He's shown no proof of employment that he claims he did . . . . He moved without notice or permission. They were unable to do a home visit, and he's behind in his fees. I'm not really so worried about the fees.

The court revoked the appellant's probation, ordering the appellant to serve eleven months and twenty-nine days in jail and the remainder on intensive probation. On appeal, the appellant challenges the trial court's decision to order split confinement instead of full probation.

## II. Analysis

Upon finding by a preponderance of the evidence that an appellant has violated the terms of his probation, a trial court is authorized to order him to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

On appeal, the appellant argues that the trial court erred by revoking his probation because "[t]he instant case . . . differs from the great majority of other probation violation cases in that it involves no subsequent arrests and no drug usage, only technical violations."

The appellant concedes that he was "negligent in his reporting" but contends that "this is somewhat explained by his medical and mental condition." However, a "technical violation" is sufficient to support a probation revocation. See State v. Herbert Russell Johnson, No. E2003-02580-CCA-R3-CD, 2004 WL 1170030, at *4 (Tenn. Crim. App. at Knoxville, May 26, 2004). The trial court found that the appellant violated his probation by repeatedly failing to report, by failing to provide proof of employment, by moving without notifying his probation officer, and by not having a successful home visit completed. Accordingly, the trial court did not abuse its discretion by revoking the appellant's probation. Further, it was within the trial court's authority to order the appellant to serve his original sentence upon revoking the appellant's probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

The appellant contends that the trial court did not "address any type of alternative sentencing." The record belies this contention. In the instant case, the trial court imposed a sentence of split confinement, which is an alternative sentence. See Tenn. Code Ann. § 40-35-306(a); State v. Williams, 52 S.W.3d 109, 120 (Tenn. Crim. App. 2001). Therefore, the appellant's true complaint is that the trial court failed to grant him a sentence of full probation after revoking his probation. However, this court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). We conclude that the trial court did not err in ordering the appellant to serve eleven months and twenty-nine days in jail and the remainder on intensive probation.

### III.  Conclusion

In sum, we conclude that the trial court did not abuse its discretion by revoking the appellant's probation and imposing a sentence of split confinement. Accordingly, the judgment of the trial court is affirmed.

_____
NORMA McGEE OGLE, JUDGE