IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2011

## STATE OF TENNESSEE v. JACKIE J. PORTER

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8341     C. Creed McGinley, Judge**

**No. W2011-00927-CCA-R3-CD  - Filed January 17, 2012**

The appellant, Jackie J. Porter, pled guilty in the Hardin County Circuit Court to possession of .5 grams or more of cocaine with intent to sell, a Class B felony, and the trial court imposed a sentence of eight years, six months with part of the sentence to be served on probation.  On appeal, the appellant contends that the trial court erred by revoking his probation.  Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ALAN E. GLENN, and JEFFREY S. BIVINS, JJ., joined.

Richard W. DeBerry, Camden, Tennessee, for the appellant, Jackie J. Porter.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Hansel Jay McCadams, District Attorney General; and Eddie N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The record reflects that on June 8, 2004, the appellant pled guilty to possession of .5 grams or more of cocaine with intent to sell, a Class B felony.  After a sentencing hearing, he received a sentence of eight years, six months.  On February 1, 2005, the appellant was released from a boot camp program and was to serve the remainder of his sentence on probation. On December 3, 2010, the appellant's probation officer filed a probation violation

report, alleging that the appellant had violated his probation by failing to report since September 30, 2010; changing his residence without notifying her; and failing to make any payments toward his fines and court costs since February 2, 2005. At the time of the report, the probation officer did not know the appellant's whereabouts. The trial court issued a probation violation warrant.

At the probation revocation hearing, Georgia Rhed testified that she became the appellant's probation officer on August 27, 2010. She said she filed a probation violation report because the appellant failed to report to her, failed to provide proof of employment, absconded, and failed to pay supervision fees. She said that according to notes made by the appellant's previous probation officer, probation violation reports also were filed against the appellant on October 27, 2005, and June 23, 2009. However, those reports were later dismissed.

On cross-examination, Rhed testified that the appellant reported to her on September 14 and 30, 2010, but that she had not seen him since then. Rhed said that she mailed multiple appointment notifications to the appellant's apartment but that he never responded. On October 26, 2010, Rhed went to appellant's apartment and spoke with his roommate, who confirmed that the appellant lived there. However, the appellant's roommate also told her that the appellant was supposed to be visiting family in West Tennessee and that the appellant had not paid rent for the apartment in a couple of weeks.

The appellant testified that he was living in the apartment when Rhed visited and that he was late on his rent payment. He said that he was late paying his rent because he had to pay a fine for a speeding ticket in order to keep his driver's license. He said that other than speeding, he had not violated the law. He said that he was supposed to meet with Rhed on October 12 but that he was working. He acknowledged not being honest with his probation officer, stating that "I had a job available. I [felt] like she wouldn't have let me come." He stated that he understood reporting to his probation officer was "the Number One rule" of probation but that "I have receipts showing where I was working when I was down here when I was supposed to been reporting." He said that he had been in jail for ninety-six days since his arrest for the probation violation and asked that the trial court give him another chance.

On cross-examination, the appellant testified that he knew he was supposed to report to his probation officer and that he did not report to her. He acknowledged that he also did not report his employment to her. He said that his belongings were still at the apartment and that he stayed there "off and on."

The trial court revoked the appellant's probation, stating that his "history of

supervision is entirely unsatisfactory." The court concluded that the appellant deceived his probation officer, failed to report, and absconded. The court ordered that he serve his entire sentence in confinement.

## II.  Analysis

The appellant contends that the trial court erred by revoking his probation because "he was working when he was supposed to be reporting and . . . has no new charges." The State contends that the trial court properly revoked the appellant's probation. We agree with the State.

Generally, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995). Upon revoking probation, a trial court has the authority to order the appellant to serve the original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

At the hearing, the appellant acknowledged that he violated probation by failing to report to his probation officer and by failing to report his new employment to her. Therefore, the trial court properly revoked his probation and ordered him to serve his sentence in confinement.

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE