IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 24, 2009

**STATE OF TENNESSEE v. CHRISTOPHER J. JOHNSON**

**Direct Appeal from the Circuit Court for Dickson County**
**Nos. CR9105 & CR9147C     George Sexton, Judge**

————

**No. M2008-01814-CCA-R3-CO - Filed February 5, 2010**

————

Appellant Christopher J. Johnson pled guilty to selling marijuana and especially aggravated burglary. He was given an effective sentence of 8 years, suspended and to be served on probation. He was then charged with violating the terms of his probation. After an evidentiary hearing, the trial court revoked his probation and ordered that the sentences be served in confinement. He appeals, arguing that revoking his probation in full was excessive. Upon review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

William B. Lockert, III, and Dawn S. Kavanagh, Ashland City, Tennessee, for the appellant, Christopher J. Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Carey Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

Appellant's probation officer, Wendy James, testified at the revocation hearing. She told the court that since Appellant had been placed under her supervision in August 2007, he

had committed several violations. He admitted to her that he used marijuana in October 2007 and January 2008. He had not paid any of his court costs or probation fees. He had not provided a DNA sample, as was required. He failed to report to her office on multiple occasions, and he failed to properly report his employment. In addition, he was arrested for vandalism, public intoxication, and disorderly conduct in April 2008, for which he was given a probationary sentence. He did not inform Ms. James of his arrest.

On cross examination, Ms. James admitted that some of Appellant's infractions were relatively perfunctory. For instance, while he failed to report to her office after his April 2008 arrest, he had failed to report only once prior to that time. Further, while he did not properly advise the probation office of his employment status, Ms. James admitted that this was "just an error in the paperwork."

Appellant also testified at the revocation hearing. He admitted that he was arrested in April 2008; however, he explained that the jail prevented him from contacting Ms. James. Appellant also told the court that he was on the verge of obtaining employment at Lowe's at the time of his arrest and that he believed he could obtain that job if the court would release him on probation. Additionally, he testified that he had been previously employed doing roofing and construction work. Finally, he told the court that he would be able to live with his girlfriend if he were released on probation.

At the conclusion of the revocation hearing, the trial court revoked Appellant's probation. Rejecting Appellant's argument that full revocation was excessive, the trial court denied split confinement and held:

> [Appellant] has committed new crimes, he's not submitted to his [DNA] testing and he's not paid anything and he's not reported, he's just basically not done anything. He has proven to the Court that he is not a suitable candidate for probation so his probation is revoked and he is ordered to serve his sentence.

On appeal, Appellant again asserts that full revocation is excessive. The State counters that the trial court did not abuse its discretion because it had a sufficient evidentiary basis to find Appellant had violated his probation. We agree with the State.

## II. Analysis

Upon finding by a preponderance of the evidence that a probationer has violated the terms of his probation, a trial court is authorized to order him to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); see also

State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

It was within the trial court's authority to order Appellant to serve his original sentence upon revoking his probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). "[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Appellant's probation officer testified that Appellant had committed multiple violations of his probation. In particular, Appellant had admitted to using drugs, failed to pay the amounts he owed, failed to submit DNA, and was arrested and convicted for new crimes while on probation. Appellant complains that ordering him to serve the remainder of the sentence for these violations is harsh and contrary to the goals of the Sentencing Act. We disagree. Appellant was given an opportunity to stave off incarceration if he followed the rules of probation. He did not, so now he has lost that chance. Revocation here does not run afoul of the Sentencing Act. We do not find any abuse of discretion in the trial court's decision to revoke Appellant's probation.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE