# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 15, 2009

## STATE OF TENNESSEE v. ANTHONY LEVAIL NEWSOM

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 256546     Rebecca J. Stern, Judge**

---

**No. E2009-01098-CCA-R3-CD - Filed June 7, 2010**

---

The appellant, Anthony Levail Newsom,[1] was convicted of possession of .5 grams or more of cocaine for resale, and an eight-year sentence was imposed. The appellant was granted probation. However, the trial court subsequently found that the appellant violated the terms of his release, revoked the appellant's probation, and ordered him to serve his eight-year sentence in confinement. On appeal, the appellant contends that the trial court erred in revoking his probation and in ordering him to serve his sentence in confinement instead of on community corrections. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Ardena J. Garth and Richard Kenneth Mabee (on appeal), and Steve Brown (at trial), Chattanooga, Tennessee, for the appellant, Anthony Levail Newsom.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William H. Cox, District Attorney General; and William Hall, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

---

[1] The appellant's aliases include "Anthony White" and "Eric Williams."

On May 16, 2006, the appellant pled guilty in the Hamilton County Criminal Court to possession of .5 grams or more of cocaine for resale, a Class B felony, and was sentenced as a standard Range I offender to eight years, with eleven months and twenty-nine days to be served in confinement and the remainder to be served on intensive probation. On December 14, 2006, the trial court revoked the appellant's probation for failure to comply with the terms of release and ordered the appellant to serve eleven months and twenty-nine days in confinement before being released on intensive probation.

On February 22, 2007, the trial court granted the appellant's motion and released him on intensive probation. The trial court ordered him to obtain alcohol and drug assessment and treatment. On October 8, 2007, after the appellant conceded he had violated the terms of his release, the appellant's probation was revoked and he was again ordered to serve eleven months and twenty-nine days in confinement before being released on intensive probation, which was "extended for eight years from October 8, 2007." Thereafter, in early 2008, the appellant filed four pro se motions for suspension of sentence, all of which were denied by the trial court. The appellant was released from confinement on April 23, 2008.

On May 18, 2009, the trial court held the revocation hearing which is the subject of the instant appeal. Bill Day, the appellant's probation officer, testified that he began supervising the appellant's third attempt at intensive probation on April 23, 2008. Day stated that by early May 2008, the appellant had amassed new charges for a light law violation, driving on a suspended license, and driving an unregistered vehicle. Day said the appellant also consistently failed to show Day proof of lawful employment. He showed Day proof that he had been paid "under the table" for about six weeks of the eleven months Day supervised him.

Day said the appellant's two prior probation revocations were based largely on the appellant's incurring new charges and failing his drug screens. Day stated that upon each revocation, the appellant was ordered to serve eleven months and twenty-nine days in confinement before being released on intensive probation. Day maintained that since the appellant was first sentenced in 2006, he had obtained thirteen new charges. During his third release, the appellant tested positive for cocaine and marijuana on July 29, 2008; August 19, 2008; and September 2, 2008. He tested positive for marijuana on October 21, 2008, and December 2, 2008. Additionally, on February 10, 2009, the appellant advised Day that he would test positive for marijuana. Day said the appellant did not obtain drug and alcohol assessment and treatment even though Day instructed him to do so at every drug screening. Day stated that the appellant also failed to pay $512 he owed for probation fees and $75 he owed for court costs.

The appellant's mother, Sandra Elaine Williams, testified that she was willing to "sponsor" the appellant and let him live with her if he were released on "community corrections or what we call house arrest." She maintained that she would ensure that the appellant would comply with any court required drug assessment and treatment. Gary Lebron Williams, the appellant's uncle, testified that he believed the appellant would have "a new outlook on life" if he could overcome his drug and alcohol addiction, stating that the appellant never had a chance to go through treatment.

The appellant testified that he wanted the court to allow him to go on "community corrections house arrest" and that he was willing to live with his mother, follow probation rules, and get drug and alcohol treatment if the court so required. The appellant admitted that he had a drug and alcohol problem, noting a particular weakness for "[p]owder and weed." The appellant said he never had an opportunity to go through drug treatment. Upon further questioning, the appellant acknowledged that a probation officer gave him a chance to go through substance abuse treatment when he "was on the outpatient." The appellant averred that he was now willing to seek treatment because he realized he had been "taking roads that [he did not] need to go down." The appellant said he was no longer involved with drugs and would not "dare" bring drugs into his mother's house because "[t]hat just wasn't the way [he] was raised."

At the conclusion of the hearing, the trial court found that the appellant violated probation by incurring new charges, failing to provide proof of regular employment, testing positive for marijuana and cocaine, failing to seek drug treatment, and failing to pay his fees and court costs. The court ordered the appellant to serve his sentence in confinement. On appeal, the appellant challenges his probation revocation and the trial court's refusal to place him in community corrections.

## II.  Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e) (2006); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

The record contains ample proof of the appellant's repeated probation violations, including obtaining new charges, failing numerous drug tests, failing to provide proof of employment, failing to get drug and alcohol assessment and treatment, and failing to pay his fees. Therefore, the trial court did not err in revoking the appellant's probation. The appellant contends that the trial court erred in imposing a sentence of confinement instead of ordering him to serve his sentence on community corrections. However, it was within the trial court's authority to order the appellant to serve his original sentence upon revoking his probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999). Given the appellant's repeated, unsuccessful attempts at complying with an alternative sentence, we cannot conclude the trial court erred in ordering the appellant to serve his sentence in confinement.

### III. Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE