IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2010

**STATE OF TENNESSEE v. ALBERT LYNN NORTON**

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-16254 and C-16748      David R. Duggan, Judge**

**No. E2010-00609-CCA-R3-CD - Filed November 2, 2010**

The Appellant, Albert Lynn Norton, appeals as of right from the Blount County Circuit Court's order revoking his probation and ordering him to serve his sentences in incarceration. On appeal, he argues that the trial court abused its discretion by ordering him to serve his sentences in confinement. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Mack Garner, District Public Defender (at hearing); and J. Liddell Kirk (on appeal), Knoxville, Tennessee, for the appellant, Albert Lynn Norton.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Mike Flynn, District Attorney General; and Clinton Frazier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 22, 2007, the Appellant pleaded guilty in case number C-16254 to one count of aggravated burglary and received a three year sentence as a Range I, standard offender to be served in split confinement on supervised probation following the service of one year in jail. On August 23, 2007, the Appellant pleaded guilty in case number C-16748 to one count of aggravated burglary and one count of possession of drug paraphernalia and received an effective sentence of three years to be served on supervised probation and consecutively to the sentence in case number C-16254.

On October 15, 2009, a warrant issued alleging that the Appellant had violated the

terms of his probationary release by his September 21, 2009 arrest for simple possession of a Schedule II drug and driving under the influence and by committing other technical violations of the terms of his release related to his new arrests. Following a February 8, 2010 revocation hearing, the trial court ruled that the Appellant had violated the terms of his probation, revoked the probationary sentences in both cases, and ordered the Appellant to serve the balance of his sentences in confinement. This timely appeal followed.

Blount County Sheriff's Office Deputy Jeff Ledford testified at the revocation hearing that he responded to the call of an automobile accident at 11:20 a.m. on September 21, 2009. Upon his arrival at the scene, he observed that a car had crashed into a utility pole. A man, later identified as the Appellant, stood outside the car by the passenger side door. A woman, who was "either passed out or knocked out," sat inside the vehicle. Deputy Ledford recalled that the Appellant "was very unaware of his surroundings, very slow to answer" and was not "exactly sure of what was going on." While checking the condition of the woman, Deputy Ledford discovered a syringe containing a liquid and "some yellow pills" on the floorboard of the car. He observed bleeding, or "track marks," on both of the woman's arms. After the Appellant failed three field sobriety tests, Deputy Ledford arrested him for driving under the influence. Deputy Ledford also recovered from the Appellant's pocket a yellow pill, identified by the defendant as Dilaudid, while doing a "pat-down" search of the Appellant.

Terry Fowlkes of the Board of Probation and Parole testified that he was the Appellant's probation officer. He stated that he filed a violation of probation warrant following the Appellant's September 21, 2009 arrest. He said that the Appellant also violated the technical rules of probation by failing to report his arrest, by being under the influence of an intoxicant, and by possessing a controlled substance. He acknowledged that this was the Appellant's first violation of probation in the two and one-half years he had spent on probation.

After being advised of his right to testify at the revocation hearing, the Appellant elected not to testify. Trial counsel argued that the Appellant was unable to contact his probation officer to report the arrest because he had been incarcerated since his arrest and that the State failed to show that he was under the influence of an intoxicant. The State argued that revocation was appropriate in consideration of the Appellant's new arrest.

The trial court found by a preponderance of the evidence that the Appellant was driving under the influence and in possession of a controlled substance and that these violations warranted the revocation of his probationary sentences. The trial court ordered the Appellant to serve the balance of his sentences in confinement.

On appeal, the Appellant contends that the trial court abused its discretion in ordering

-2-

him to serve his sentences in confinement. The State contends that the trial court's decision was proper. Following our review, we agree with the State.

Upon finding by a preponderance of the evidence that a probationer has violated the terms of his probation, a trial court is authorized to order him to serve the balance of his original sentence in confinement. *See* Tenn. Code Ann. §§ 40-35-310 and -311(e); *see also State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." *State v. Conner*, 919 S.W.2d 48, 50 (Tenn. Crim. App.1995).

It was within the trial court's authority to order the Appellant to serve his original sentence upon revoking his probation. *See* Tenn. Code Ann. §§ 40-35-310 and -311(e); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App.1991). "[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999); *see also State v. Timothy A. Johnson*, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App., at Nashville, Feb. 11, 2002).

The record contains substantial evidence to support the trial court's revocation of probation. Deputy Ledford testified concerning the Appellant's intoxication at the accident scene. Additionally, the defendant was found in possession of a controlled substance at his arrest. Even if this court were to discount the Appellant's failure to report his arrests to his probation officer, the new offenses, in and of themselves, justify the trial court's revocation and ordering of the balance of the sentence to be served in incarceration. Therefore, we conclude that the trial court did not abuse its discretion. Accordingly, the order of the trial court is affirmed.

_____
NORMA MCGEE OGLE, JUDGE