IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 29, 2010 Session

**STATE OF TENNESSEE v. BRANDON STACY LAMBERT**

**Direct Appeal from the Circuit Court for Blount County**

**Nos. C-16304, 16305, 16361, 16579, 18119    David R. Duggan, Judge**

---

**No. E2010-00350-CCA-R3-CD - Filed December 6, 2010**

---

The appellant, Brandon Stacy Lambert, was convicted of numerous drug related offenses, aggravated burglary, theft, and burglary. The trial court imposed a total effective sentence of seventeen years. The appellant was granted probation and was ordered to complete the drug court program. After the appellant was dismissed from the drug court program, the trial court revoked his probation and ordered him to serve his original sentence in confinement. On appeal, the appellant concedes a "technical violation" of the conditions of probation but requests that he once again be granted probation. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Robert W. White, Maryville, Tennessee, for the appellant, Brandon Stacy Lambert.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Clinton Frazier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

On January 7, 2008, the appellant pled guilty to possession of .5 grams or more of cocaine with the intent to sell, simple possession of a Schedule VI controlled substance,

simple possession of a Schedule II controlled substance, three counts of aggravated burglary, two counts of theft of property over $1,000, and burglary of a building. Pursuant to the plea agreement, the trial court imposed concurrent sentences of incarceration for three years for each aggravated burglary conviction, each theft conviction, and the burglary of a building conviction. Additionally, the appellant received concurrent sentences of eleven months and twenty-nine days for each simple possession conviction and ten years for the possession with intent to sell conviction, to be served on enhanced probation. Further, the appellant's sentences for the drug convictions were to be served consecutively to the sentences for the theft and burglary convictions, for an effective sentence of thirteen years. On May 28, 2008, the appellant began serving his probationary sentence.

On August 24, 2009, the appellant's probation was revoked after the appellant stipulated that he had violated probation by being charged with a new crime, namely theft of property over $1,000; failing to gain employment; missing appointments with his probation officer; being arrears in probation fees; and failing to pay probation fees, court costs, fines, and restitution. The appellant was ordered to serve eighty-six days in jail before returning to intensive probation. The appellant was also ordered to complete "the Community Corrections Drug Court Program and complete a Halfway House Program." The same day, the appellant pled guilty to theft of property over $1,000. He received a four-year sentence to be served consecutively to his previously imposed sentences, for a total effective sentence of seventeen years.

On September 21, 2009, the appellant was discharged from the drug court program for failing "to abide by the rules and regulations" of the program. On September 30, 2009, a warrant was issued, alleging that the appellant violated his probation by failing to complete the drug court program.

At the revocation hearing, the appellant acknowledged a technical violation of the terms of his probationary sentence. He explained that he had completed the "in jail" portion of the drug court program. However, the halfway house, which was the next step of the program, did not have a bed available, and the appellant remained in jail awaiting a vacancy. While he was in jail, the appellant was entrusted with cleaning portions of the jail. The appellant said that he and another male were returning to their cell after cleaning a "pod" when a guard stated that he smelled smoke. The guard asked if they had been smoking and both men stated that they had not. The appellant acknowledged that he could have smelled like smoke. He explained that the pod was small and the other inmates were smoking. The appellant protested his innocence, but the officer did not believe him. Because the use of tobacco was a violation of the rules of the drug court, the appellant was dismissed from the program.

The appellant maintained that his participation in the program had a positive impact on his life. He stated that the classes he had taken had made him reevaluate his life and that he wanted to change for the better. He said that despite opportunities to do so, he had not used drugs while in jail. The appellant asked the court to allow him to return to the drug court program or to be granted another alternative sentence.

The court noted the appellant's repeated, failed attempts to comply with the conditions of an alternative sentence and ordered the appellant to serve his original sentence in confinement. On appeal, the appellant asks this court to overturn the trial court's ruling and grant him an alternative sentence.

## II. Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

The appellant concedes that he violated the terms of his probationary sentence. Nevertheless, he maintains that the trial court erred in failing to grant him another alternative sentence. However, it was within the trial court's authority to order the appellant to serve his original sentence upon revoking his probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Accordingly, we can find no reason to reverse the trial court's ruling.

### III. Conclusion

Based upon the foregoing we are compelled to affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE