IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs November 23, 2010

## STATE OF TENNESSEE v. JUAN MANUEL CORONADO, II

**Direct Appeal from the Circuit Court for Blount County**
**No. C-15330      David R. Duggan, Judge**

_____

**No. E2010-01058-CCA-R3-CD - Filed March 1, 2011**

_____

Upon finding a violation of probation, the trial court revoked the probationary sentence the appellant, Juan Manuel Coronado, II, was serving for a rape conviction and ordered him to serve his original eight-year sentence in the Tennessee Department of Correction. On appeal, the appellant contends that the trial court erred in revoking his probation and in ordering him to serve his sentence in confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined. D. KELLY THOMAS, JR., J., not participating.

J. Liddell Kirk, Knoxville, Tennessee (on appeal), and Mack Garner, Maryville, Tennessee (at trial), for the appellant, Juan Manuel Coronado, II.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Tammy Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that on April 4, 2005, the Blount County Grand Jury returned an indictment charging the appellant with rape of a child. On January 31, 2006, the appellant entered a guilty plea to the amended charge of rape, with an agreed sentence of eight years.

The court granted the appellant a sentence of split confinement, with one year to be served in jail and the remainder on probation.

On August 20, 2007, a warrant was issued, alleging the appellant violated the terms of probation. The warrant was later dismissed. At a hearing on October 27, 2007, the appellant stipulated that he violated his probation by being arrested for public intoxication, using an intoxicating substance, and failing to identify himself as a sex offender. Based upon that violation, the appellant was ordered to serve fifteen days in confinement before being returned to probation.

Thereafter, another violation warrant was issued. At a May 3, 2010 probation revocation hearing, the parties stipulated that on February 8, 2010, the Knoxville Police Department came into contact with the appellant; on that occasion, he smelled of alcohol and admitted he had been using alcohol. Additionally, the parties stipulated that the appellant had not been staying at the residence listed on the sex offender registry and that he had failed to regularly pay his court costs. The parties also stipulated that on February 4, 2010, the appellant tested positive for oxycontin and that on February 7, 2010, he went to a bar.

At the hearing, the appellant testified that he was twenty-four years old and that he had a general equivalency diploma (GED). He said that as a teenager he had a computer store and had worked in retail. He said that his rape conviction stemmed from an occasion when he and a friend came to Tennessee from Georgia to meet some sixteen-year-old girls. After spending the night in a motel with the girls, they learned the girls were twelve years old.

The appellant said he tried to abide by all of the rules of probation. He stated that after his previous violation, his probation officer placed him on "elevated probation" and required him to meet with her once or twice a month. He said that his last employment was at IHOP and that he was fired after the previous probation violation. He maintained that although he applied for jobs on a weekly basis, he had been unable to find employment for over a year. He stated that he applied to work for a cellular telephone dealership located in Foothills Mall but that his probation officer said the job was not suitable because too many children were at the mall. The appellant said he lived at a Budget Inn on Alcoa Highway and that his father gave him money for rent.

The appellant explained that he tested positive for oxycontin because he had a headache and took a pill that was offered by a man who also lived at the Budget Inn. He acknowledged that taking an unknown pill from someone who was not a doctor was "shady"; however, he stated that the pill cured his headache and did not make him "high."

The appellant said that after he tested positive for oxycontin, his probation officer said she would probably issue a violation warrant against him. Thereafter, the appellant went to Applebee's Restaurant on Super Bowl Sunday. He had two beers, thinking that he "might as well drink" if he were going to be sent back to jail.

After the game ended at 9:00 p.m., the appellant's curfew, he decided to drive to a bar in Knoxville. He maintained that he was not intoxicated but acknowledged he "did have a little bit of a buzz [which] definitely affected [his] judgment." The appellant paid a flat rate entitling him to drink all the beer he wanted before the bar closed at 4:00 a.m. He said that when the bar closed, he was very intoxicated and knew he was incapable of driving home.

He stated that he stayed in his car until about 8:00 or 8:30 a.m. when he felt capable of driving. He became ill while driving and pulled over until his nausea passed. His vehicle got stuck in the grass, and he hailed a Knoxville Police officer for assistance. The officer told the appellant that he smelled of alcohol and asked if he had been drinking. The appellant did not admit drinking alcohol and told the officer that he had been around other people who had been using alcohol. The officer administered field sobriety tests, which the appellant passed. Regardless, the appellant disclosed that he was a sex offender serving a probationary sentence. The officer called the appellant's probation officer and gave the telephone to the appellant so he could disclose that he had been drinking alcohol.

The appellant said that he had been on probation for three or four years and had become "complacent." He stated that he tried to "[p]retend [n]ormal" as if he were not on probation. He said he had forgotten how horrible incarceration was. He maintained that he intended to marry his girlfriend and that he would strictly follow the rules of probation if he were granted another probationary sentence.

The appellant's girlfriend, Adrian Alexander, testified that she was a senior in college. She said that she and the appellant planned to marry. She said the appellant did not drink or do drugs. She stated the appellant was honest "to a fault."

At the conclusion of the hearing, the trial court found that the stipulated facts proved the appellant's violation of probation. Additionally, the court found that after his previous violation, the appellant again failed to abide by the terms of probation. Accordingly, the court ordered the appellant to serve his original sentence in confinement. On appeal, the appellant challenges the revocation and the trial court's failure to grant the appellant another alternative sentence.

## II. Analysis

Generally, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

At the hearing, the appellant stipulated that he violated probation by using alcohol, failing to stay at the residence listed on the sex offender registry, failing to regularly pay his court costs, and testing positive for oxycontin. Accordingly, the trial court did not abuse its discretion in revoking the appellant's probation.

Upon revoking probation, the trial court had the authority to order the appellant to serve his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). This court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Therefore, the trial court did not err in ordering the appellant to serve his original sentence in confinement.

### III.  Conclusion

We conclude that the trial court did not abuse its discretion in revoking the appellant's probation or in ordering him to serve his original sentence in confinement. Accordingly, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE