# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 1, 2011

## STATE OF TENNESSEE v. ROBERT LYNN HUNT, JR.

**Direct Appeal from the Circuit Court for Dyer County**
**No. 07-CR-392      Lee Moore, Judge**

**No. W2010-01404-CCA-R3-CD  - Filed April 21, 2011**

The appellant, Robert Lynn Hunt, Jr., pled nolo contendere in the Dyer County Circuit Court to abuse and neglect of a child under six years of age, a Class D felony, and received a four-year sentence. At some point, the appellant was placed on probation. On appeal, he contends that the trial court erred by revoking his probation and ordering him to serve his original sentence in confinement. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee, and James E. Lanier and H. Tod Taylor, Dyersburg, Tennessee, for the appellant, Robert Lynn Hunt, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; C. Phillip Bivens; District Attorney General; and Karen W. Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that in August 2007, the appellant was charged with aggravated child abuse and neglect of his infant son, a Class A felony, and domestic assault, a Class A misdemeanor. On November 20, 2007, the appellant pled nolo contendere in the Dyer County Circuit Court to abuse and neglect of a child under six years of age, a Class D felony, in return for a four-year sentence to be served in the Tennessee Department of Correction.

That same day, the appellant was furloughed to the Lighthouse Mission Ministries for long-term drug rehabilitation. The appellant successfully completed rehabilitation on May 18, 2008. Two days later, the trial court ordered that the appellant serve the remainder of his sentence on probation.

On January 27, 2010, the appellant's probation officer filed a probation violation report, alleging that the appellant had violated his probation by failing to obey laws, failing to report arrests, failing to report to his probation officer, and using marijuana. The trial court issued a violation of probation warrant.

At the probation revocation hearing, Rebecca Cashion, the appellant's probation officer, testified that on January 27, 2010, she filed two probation violation reports. In the first report, she claimed that the appellant had violated his probation by failing to report to his probation officer in September 2008, November 2008, and March 2009; using marijuana on or about February 16, 2009; field-testing positive for marijuana on February 19, 2009; being cited on February 20, 2009, by a Dyersburg police officer for possession of marijuana; and being arrested on December 11, 2009, by a Dyersburg police officer for promoting the manufacture of methamphetamine. The appellant pled guilty to the possession of marijuana charge on April 20, 2009. The charge for promoting the manufacture of methamphetamine was dismissed via nolle prosequi. Cashion said that in the second probation violation report, she alleged that the appellant had violated his probation by being arrested in Madison County on December 7, 2009, for promoting the manufacture of methamphetamine and violating the seatbelt law. The appellant later pled guilty to solicitation to promote the manufacture of methamphetamine and was sentenced to eleven months, twenty-nine days suspended to ten months in confinement. He also was convicted of violating the seatbelt law and received a thirty-day sentence. The appellant did not report his arrests or convictions to his probation officer. Cashion said that although the appellant had continued to test positive for drugs after he was released from rehabilitation, he never asked her for help with his drug addiction.

On cross-examination, Cashion testified that she was the appellant's second probation officer and did not begin supervising him until October 2009. She did not know why the appellant's first probation officer failed to file a probation violation report against him. However, she said that "[h]e should have been violated back on that first arrest." She said nothing in the appellant's file indicated he had tried to get back into a drug rehabilitation program.

The appellant testified that when he was arrested for possession of marijuana on February 20, 2009, he was arrested at the probation office, "so it was a given." He said that his first probation officer was supervising him on the three dates he failed to report, that he "talked to [her] about it," and that "all she wanted me to do is just come in." The appellant

did not deny the new charges against him and acknowledged that he had field-tested positive for marijuana. However, he said he had a drug problem. When asked what the court should do in this case, he said, "I couldn't tell you. I don't know."

The trial court noted that the appellant was "continuing to make . . . the same violations" and determined that "[t]here's just nothing more that we can do." The trial court concluded that the appellant had violated his probation, revoked his probation, and ordered him to serve his sentence in confinement.

## II. Analysis

The appellant contends that the trial court erred by revoking his probation and ordering him to serve his sentence in confinement. He contends that he has a drug problem and that he should have been recommitted to rehabilitation in order to address his drug addiction. The State contends that the trial court properly revoked probation and ordered the appellant to serve his sentence in confinement. We agree with the State.

Generally, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

At the hearing, the appellant acknowledged that he violated probation by being arrested on new charges, being convicted of some of those charges, and using marijuana. Therefore, the trial court properly revoked his probation.

Upon revoking probation, the trial court had the authority to order the appellant to serve his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). This court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Nashville, Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 136, at *7 (Nashville, Feb. 11, 2002). Therefore, the trial court did not err by ordering the appellant to serve his original sentence in confinement.

## III. Conclusion

Based upon the record and the parties' briefs, we conclude that the trial court did not abuse its discretion by revoking the appellant's probation or by ordering him to serve his original sentence in confinement. Accordingly, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE