IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2011

**STATE OF TENNESSEE v. JENNIFER RENEE DENNIS**

**Direct Appeal from the Circuit Court for Bedford County**
**Nos. 14852 & 15863      Lee Russell, Judge**

**No. M2010-01596-CCA-R3-CD - Filed May 16, 2011**

The appellant, Jennifer Renee Dennis, admitted in the Bedford County Circuit Court that she violated probation sentences she was serving for two felony theft convictions, and the trial court ordered her to serve her original twelve- and three-year sentences in the Tennessee Department of Correction.  On appeal, the appellant contends that the trial court erred by ordering her to serve her sentences in confinement and that the trial court should have reinstated her probation.  Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JERRY L. SMITH, and ALAN E. GLENN, JJ., joined.

Gregory D. Smith (on appeal), Clarksville, Tennessee, and Andrew Jackson Dearing, III, (at trial), Shelbyville, Tennessee, for the appellant, Jennifer Renee Dennis.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that in 2001, the appellant was convicted of theft of property valued sixty thousand dollars or more, a Class B felony, and received a twelve-year sentence to be served on probation.  In 2005, she was convicted of theft of property valued one thousand dollars or more but less than ten thousand dollars, a Class D felony, and received

a three-year probation sentence to be served consecutively to the twelve-year sentence. On June 17, 2010, a probation violation report was filed, alleging that the appellant had violated her effective fifteen-year probation sentence by being arrested for public intoxication on June 9, 2010; by using intoxicants to excess, as evidenced by her arrest; and by violating a special condition of her probation that she not consume any alcohol or drugs.

The trial court issued a probation violation warrant and held a probation revocation hearing. Before any witnesses were called to testify, the appellant admitted to the trial court that she violated one or more terms of her probation. She then testified that at the time of her arrest for public intoxication, she had two children, ages sixteen and thirteen, and was enrolled in psychology courses at Kaplan University. The appellant suffered from bipolar disorder, and her doctor prescribed Topamax, Lexapro, Seroquel, and Xanax. She said that she was colorblind and that her then twelve-year-old daughter helped her with her pills because two of them were the same color. She explained,

> [T]he only thing I can assume what happened that morning is, we might have messed up and put -- I have a Sunday through Saturday thing that she helps me get my pills together, and two of the pills look the same. The Seroquel and the Lexapro look the same, and we might have put the wrong pill in my morning compartment.

She said that the day after her arrest for public intoxication, her mother came to her home, took all of her medicines, and took over the daily responsibility of administering the medications to her. She said she had been on probation for almost nine years, had met with her probation officer regularly, and was current with her restitution payments. She said she was drug tested about every two months and never failed a drug test. She asked that the trial court allow her to remain on probation so that her parents did not have to raise her children and because she was going to college, had a home, and was living on her own. She said she never would have knowingly taken the wrong medication in the afternoon with her daughter present.

On cross-examination, the appellant testified that she was taking her psychology courses online from home. She said that she could read and write and acknowledged that she could have read the labels on the pill bottles to determine which drugs were in the bottles. She acknowledged that in 2005, she violated the 2001 probation sentence she had received for her first theft conviction by being charged with a similar crime.

Marie Barber, the appellant's mother, testified that she saw the appellant at least two or three times per week. The appellant was a great mother and was very interested her

children. Marie Barber said she had never observed the appellant intoxicated from alcohol or prescription medication. However, she said, "Two or three times early in the morning when I'd spoken to her, I noticed her speech." She said that since the appellant's arrest, she had taken control of the appellant's prescriptions and was giving her "what she is supposed to have." She said that the appellant was doing "[g]reat" on probation and that she would continue to manage the appellant's medications. She asked that the trial court allow the appellant to remain on probation in order to take care of the appellant's children. On cross-examination, Marie Barber testified that the appellant had slurred speech some mornings and that "I didn't know it was medication."

Johnnie Gale Barber, the appellant's father, testified that although the appellant had slurred speech at times, "she was fine as far as physical except her voice." He said he thought that the appellant's doctor had prescribed too much medication for her and that alcohol was not the reason for the appellant's recent probation violation. He said that he had to travel as part of his job and that the appellant's confinement created a large burden for his wife. On cross-examination, Johnnie Barber acknowledged that he was not present at the time of the appellant's arrest for public intoxication but said that "I would put my life on it that it wasn't [alcohol]."

The trial court stated as follows:

> Unfortunately, not everybody heard what I was told to issue the warrant on to begin with, and that is, we know how the car landed. It was at the Bedford County Jail, not on a country road or anywhere. She was in such a state as to land her car as it was. We know from officers who were there, in addition to Detective Hord, what shape she was in down there. We know there was a minor child in the car with her when she was driving in that kind of shape. We know that I had her on probation already, and then she stole on a major scale again. . . . I would have to respectfully say that what you are seeking today . . . is a third bite at the apple . . . . I don't think it is appropriate to do so today, to give her yet another bite out of the apple. I don't know what it is going to take. I am frustrated because I know she has fine parents, and I don't know why keeps acting as she does, but I'm going to revoke her to serve the balance of her two sentences.

## II. Analysis

Generally, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

Initially, we note that none of the specific facts underlying the issuance of the probation violation warrant and to which the trial court referred when it ordered the appellant to serve her original sentences in confinement are in the record before us. In any event, the appellant acknowledged at the revocation hearing that she violated probation. Therefore, the trial court properly revoked her probation.

Upon revoking probation, the trial court had the authority to order the appellant to serve her original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). This court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 ( Nashville, Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 136, at *7 (Nashville, Feb. 11, 2002). Therefore, the trial court did not err by ordering the appellant to serve her original sentences in confinement.

## III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE