IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2011

**STATE OF TENNESSEE v. DAVID HARRIS, JR.**

**Direct Appeal from the Circuit Court for Blount County**
**No. C16042      David R. Duggan, Judge**

**No. E2011-00880-CCA-R3-CD - Filed December 5, 2011**

On appeal, the appellant, David Harris, Jr., complains that the trial court abused its discretion by revoking his two-year probationary sentence for the promotion of methamphetamine manufacturing and ordering him to serve his sentence in confinement. He contends that after revoking his sentence, the trial court should have granted him a sentence of split confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal), and Mack Garner, Maryville, Tennessee (at trial), for the appellant, David Harris, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Matthew Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On March 24, 2008, the appellant entered a guilty plea to the promotion of methamphetamine manufacturing. Pursuant to the plea agreement, the appellant's two-year sentence was suspended, and he was placed on probation. A probation violation warrant was filed against him on March 2, 2010, for failure to make payments toward his court costs. The trial court revoked the appellant's probation, placed him on supervised probation, and extended the term of probation for two years.

Thereafter, on February 4, 2011, Amanda Salyers, the appellant's probation officer, filed a report alleging that the appellant had again violated the terms of his probation. At the probation revocation hearing, Salyers testified that she had supervised the appellant since March 16, 2009, and that the appellant had performed "[p]oorly" on probation.

Salyers said that the appellant "rarely show[ed] up" to report. She said, "It takes me from the first of the month to the end of the month to get him in." She further stated that the appellant did not report in December and that he did not explain why he failed to report. Further, she said that there had been a "methamphetamine bust" at the address the appellant provided as his home address but that the appellant had not been charged with anything associated with that event.

Salyers stated that the appellant had five children and that he failed to comply with probation rule 4, which required him to support his dependents. Salyers instructed the appellant to keep in contact with his Department of Children's Services (DCS) case worker, but the appellant failed to comply. Salyers said that the appellant owed an arrearage of $18,074 in child support, for which a judgment was entered by the Monroe County Juvenile Court on October 23, 2007; the appellant had made no payments toward that judgment. Salyers stated that in January 2008, the appellant reported that he received disability payments of $637 per month. Salyers stated that since the appellant's prior probation revocation, the appellant had made only one fifty-dollar payment towards his court costs and fines.

Additionally, Salyers said that the appellant had failed drug screens. Specifically, during a random drug screen on November 17, 2010, the appellant admitted to Salyers that he had used marijuana.

The appellant testified that he was thirty-six years old and single. He said that the State had custody of one of his children and that he had custody of another. He said that he owed child support for one child but that after he "got put on . . . disability, they told me I wouldn't have to pay that no more, my arrears."

The appellant stated that prior to becoming disabled, he did logging and block mason work, making approximately $400 per week. He said that he received a monthly disability payment of $604.

The appellant acknowledged that his previous violation of probation was for his failure to pay court costs. The appellant said that after the revocation, his probation had been reinstated and extended so that he could pay his court costs. The appellant said that he made a payment toward his court costs in January. He said that he had changed his address in

January and that he did not receive his check, which was the reason he had not made additional payments. The appellant claimed that if he were granted probation again, he could pay $100 per month toward his court costs.

The appellant said he intended to tell Salyers about his change of address in February, but he was arrested for violating his probation when he came to his meeting with her. The appellant said that the " methamphetamine bust" occurred at the trailer where he previously lived and that he had rented the trailer to someone else.

The appellant said that Salyers told him she would tell the court that he had been complying with the terms of his probation. The appellant also stated that for the last four months of his probation, "I didn't have to go in and see her but every three months." The appellant stated that he did not recall missing his meeting with Salyers in December and that Salyers did not say anything to him about failing to report. The appellant said that he tried to "do right on probation" and to report as he should. He said that he only failed to report because he had no transportation after his car was stolen. He told Salyers about the theft.

The appellant said that in January, he told Salyers that he had "hit a marijuana cigarette twice." Accordingly, the appellant signed a drug assessment form admitting he had used marijuana. The appellant said that he if he took a drug test while at court, the test would be negative.

At the conclusion of the hearing, the trial court found that the appellant violated his probation by failing to report, failing to make payments toward his court costs, failing to provide notice of his change of address, and using marijuana. The court determined, based upon the appellant's prior probation revocation, that the appellant should serve his sentence in the Tennessee Department of Correction. On appeal, the appellant contends that the trial court abused its discretion by ordering full confinement, arguing that a sentence of forty-five days in jail and the remainder on probation "would have been more than sufficient to address the [appellant's] transgressions."

## II. Analysis

Upon finding by a preponderance of the evidence that an appellant has violated the terms of his probation, a trial court is authorized to order him to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial

court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

On appeal, the appellant concedes that he violated the terms of his probation. Specifically, he acknowledges that he used marijuana while on probation, that he "may have" failed to report in December 2010, and that he "may not have" immediately reported his change of address. However, the appellant maintains that he admitted the marijuana use and has since stopped using drugs. He also states that there was no proof that his failure to report in December was intentional. He says that his "difficulties in paying court costs are to be expected when he has barely over $600 a month in income and is disabled." Accordingly, the appellant argues that the trial court should have granted him a sentence of split confinement instead of ordering him to serve all of his original sentence in confinement.

The record clearly reflects that the appellant violated the terms of his probation by failing to report, failing to pay court costs, and using illegal drugs. Accordingly, the trial court was justified in revoking the appellant's probation. Further, it was within the trial court's authority to order the appellant to serve his original sentence upon revoking the appellant's probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Moreover, the record reflects that the appellant previously violated the terms of his probation, and the trial court allowed him to remain on probation instead of requiring confinement. Despite this largess, the appellant continued to violate the terms of his probation. This court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). We conclude that the trial court did not err in ordering the appellant to serve his original sentence in confinement.

### III. Conclusion

In sum, we conclude that the trial court did not abuse its discretion by ordering the appellant to serve his sentence in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
NORMA McGEE OGLE, JUDGE

-4-