# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT NASHVILLE

January 16, 2013 Session

**STATE OF TENNESSEE v. BENJI L. CREECH**

**Appeal from the Circuit Court for Dickson County**

**No. 22CC-2010-CR-223   George C. Sexton, Judge**

_____

**No. M2012-01861-CCA-R3-CD - Filed April 26, 2013**

_____

On January 19, 2011, appellant, Benji L. Creech, pled guilty to selling oxycodone, a schedule II drug, in violation of Tennessee Code Annotated section 39-17-417. Appellant received a sentence of three years in the Tennessee Department of Correction, which was suspended to probation. On February 8, 2012, his probation was revoked. In lieu of serving his three-year sentence in the Department of Correction, appellant entered the drug court program. On June 14, 2012, appellant was summarily dismissed from the drug court program upon the allegation that he falsified a sponsor contact sheet. After a hearing on July 25, 2012, appellant's probation was revoked again. On appeal, he argues that the evidence does not support the trial court's decision to revoke his probation and serve his sentence in confinement. We disagree and affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

PAUL G. SUMMERS, Sr.J., delivered the opinion of the Court in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, Jr., J., joined.

Olin J. Baker, Charlotte, Tennessee, for the defendant-appellant, Benji L. Creech.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; Dan M. Alsobrooks, District Attorney General; and Sarah W. Wajnarowski, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

### I.   Facts and Background

On January 19, 2011, the appellant, Benji L. Creech, pled guilty to selling oxycodone, a schedule II drug, in violation of Tenn. Code Ann. § 39-17-417. Appellant received a sentence of three years in the Tennessee Department of Correction, which was

suspended to probation. On February 8, 2012, appellant's probations was revoked for testing positive for amphetamines, oxycodone and marijuana. Appellant admitted that he had smoked marijuana and taken his aunt's oxycodone.

Rather than serving his three-year sentence in the penitentiary, appellant was allowed to serve an additional year of probation and enter the drug court program. Appellant entered the drug court program on April 12, 2012. On June 14, 2012, appellant was terminated from the drug court program for falsifying a sponsor contact sheet from May 31, 2012 to June 6, 2012. As a result of his termination from drug court, a probation violation hearing was conducted on July 25, 2012. At the hearing, appellant was represented by counsel and testified in his defense. The court found that appellant had violated the terms of his probation by failing to complete drug court.

Appellant argues that his termination from the drug court program was a "unilateral" termination "for no substantive reason." He further argues that the termination for falsifying the contact sheet was improper because he was in "substantial compliance" with the rules of the drug court.

## II. Law and Argument

A decision to revoke probation rests in the sound discretion of the trial court and will not be overturned on appeal without a finding of an abuse of discretion. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). The appellate court reviews the "trial court's decision under an abuse of discretion standard, not a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Relief can be granted only when the trial court's logic and reasoning were improper when viewed in light of the factual circumstances and relevant legal principles involved." *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001)(quoting, *State v. Moore,* 6 S.W.3d 235, 242 (Tenn. 1999)).

In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. *Harkins*, 811 S.W.2d at 82; *State v. Conner*, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

In this case, we conclude that the reasoning and logic of the trial court were sound and there was sufficient evidence to support the conclusion of the trial judge that appellant had violated conditions of his probation. Despite appellant's attempts to classify the decision to terminate him from the drug court program as "unilateral," appellant was given an opportunity to explain the reasons for his falsification of the drug court paperwork but chose to remain silent on the issue. Only after being asked about the

paperwork and failing to come up with a sufficient explanation was he terminated from the program.

Even if appellant's termination from the program had been "unilateral," he was given a separate probation violation hearing in which he was represented by counsel and testified in his defense. After hearing his explanation for the false paperwork, the trial court found the appellant to be in violation of the terms of his probation and sentenced the appellant to serve his sentence in the Department of Correction. In probation violation hearings, the credibility of the witness is for the determination of the trial judge, who is in the best position to observe witness demeanor. *State v. Beard*, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005).

### III.   Conclusion

Appellant's probation violation was well reasoned and supported by sufficient evidence. For these reasons, we affirm the judgment of the trial court.

_____
PAUL G. SUMMERS, Senior Judge